UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADA L. CARMONA-RIVERA, | |
| Plaintiff, | Civil No. 04-1318 (JAF) |
| v. | |
| THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Defendants. | |

**O R D E R**

On March 31, 2005, we granted Defendant FMPR's summary judgment motion. Docket Document No. 78. In a subsequent compliance motion, Plaintiff continued to incorporate FMPR as an active party to the suit, Docket Document No. 120, prompting us to reiterate that the claims against Defendant FMPR had been dismissed. Docket Document No. 135.

Based on our decision, Defendant FMPR moves for attorney's fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54. Docket Document No. 158. Plaintiff opposes the motion. Docket Document No. 162.

Generally, in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978). Although under selected statutes, Congress has provided for the prevailing party to obtain attorney's fees, the ADA, like other civil rights laws, is "more

flexible . . . entrusting the effectuation of the statutory policy to the discretion of the district courts." Id. at 416; see Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 11 (1st Cir. 1999)(holding that the Title VII standard applies to other civil rights statutes, including the ADA). Under the ADA, considerations as to whether to award a prevailing defendant attorney's fees are especially stringent. "[A]ttorney's fees may not be awarded to a prevailing defendant under the ADA unless the defendant establishes that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so." Bercovitch, 191 F.3d at 11 . In civil rights cases, "fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994).

In determining whether to award a prevailing defendant attorney's fees, a court must, therefore, "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co., 434 U.S. at 421-22.

We find that Plaintiff's suit against Defendant FMPR was not so unreasonable as to justify an award of attorney's fees. There is no indication that Plaintiff's claim was frivolous or entirely groundless. Plaintiff's claim against FMPR was based on a concern

Civil No. 04-1318 (JAF)                                              -3-

that it failed to represent her with the zealousness that she deserved. Docket Document No. 87. Plaintiff supported her case by pointing to union claims that Defendant FMPR withdrew on her behalf without notifying her. Id.  While we ultimately determined that FMPR's representation was adequate and that its withdrawals did not reach the level of arbitrary and discriminatory conduct, Defendant's argument that Plaintiff's case was, therefore, unreasonable and justifies attorney's fees is the type of post-hoc reasoning this court must avoid. Christiansburg Garment Co., 434 U.S. at 421-22. Although Plaintiff's claim was unsuccessful, it did not fall to the level of frivolousness which would require us to burden her with attorney's fees.

However, we find that it was unreasonable for Plaintiff to articulate surviving claims against Defendant FMPR after our March 31, 2005 order unequivocally dismissing such claims.  As we noted in a subsequent order, Plaintiff's counsel's behavior was unprofessional, and caused unnecessary work and confusion for all parties involved. Docket Document No. 135.

Accordingly, we award attorney's fees incurred as a result of Plaintiff's continued litigation against Defendant FMPR after it was abundantly clear that no claims against Defendant FMPR survived. Christiansburg, 434 U.S. at 421 (finding that attorney's fees may be awarded when "plaintiff continued to litigate after it became" clear that the case was fruitless).  In determining the amount of the

Civil No. 04-1318 (JAF)                                                      -4-

award, we consider that it should have taken Defendant FMPR's counsel, William Santiago Sastre, no longer than an hour to prepare and file its opposition to the motion in which Plaintiff articulated surviving claims against FMPR. <u>Docket Document No. 121</u>. As Mr. Santiago Sastre has stated that his hourly rate is $150, we find that $150 is an appropriate, if nominal, award in this instance.

For the reasons stated herein, we **GRANT** Defendant FMPR attorney's fees in the amount of $150.00.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of June, 2005.

S/ José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge