1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    ADA I. CARMONA-RIVERA,
4
5         Plaintiff,                    Civil No. 04-1318 (JAF)

6         v.

7    COMMONWEALTH OF PUERTO RICO,
8    et al.,
9
10        Defendants.


11                        **O R D E R**

12        Defendants, the Commonwealth of Puerto Rico, the Department of

13   Education, Dr. César Rey-Hernández, Elsie Trinidad-Vázquez, and

14   Dr. Edna Rosa-Colón, bring this motion for reconsideration of our

15   February 9, 2007, order awarding Plaintiff Ada I. Carmona-Rivera

16   $9,756.25 in attorneys' fees under the Americans with Disabilities

17   Act (ADA), 42 U.S.C. §§ 12101 et seq. (2006). Docket Document

18   Nos. 185, 186-1. For the reasons stated below, we deny Defendants'

19   motion.

20                            **I.**

21                     **Factual Background**

22        We set forth a detailed factual background of this case in our

23   February 9, 2007, order. See Docket Document No. 185. Here, we

24   summarize the facts relevant to the present motion.

25        On April 14, 2004, Plaintiff filed a complaint in federal

26   district court alleging, inter alia, violations of the ADA. Docket

Civil No. 04-1318 (JAF)                                                    -2-

1    Document No. 1.   Plaintiff, a disabled teacher, alleged that

2    Defendants failed to provide her with necessary accommodations and

3    assistance.  Id.  On May 11, 2004, Plaintiff moved for a preliminary

4    injunction requiring Defendants to comply with reasonable

5    accommodation agreements already existing between the parties.

6    Docket Document No. 10.  On June 30, 2004, the parties entered into

7    a partial settlement agreement in which Defendants agreed to some of

8    Plaintiff's requests.  Docket Document No. 43.  On July 13, 2004, we

9    approved the terms of the partial settlement agreement and found that

10   the agreement rendered Plaintiff's motion for a preliminary

11   injunction moot.  Docket Document Nos. 50, 51.

12       On July 22, 2004, Plaintiff moved for an order compelling

13   Defendants to comply with a modified version of the settlement

14   agreement.  Docket Document No. 53.  In her motion, Plaintiff alleged

15   that Defendants had breached the original settlement agreement and

16   privately proposed new terms to Plaintiff.  Id.  Plaintiff requested

17   us to order Defendants to comply with their proposed terms.  Id.

18   However, the motion was terminated on October 13, 2004, and the

19   parties never formally adopted a new agreement, nor did we ever

20   approve one.

21       On August 15, 2005, we granted summary judgment in favor of

22   Defendants, finding, inter alia, that the settlement agreement had

23   rendered Plaintiff's remaining ADA claims moot.  Docket Document

24   No. 171.  Plaintiff appealed this order, Docket Document No. 175, and

Civil No. 04-1318 (JAF)                                                    -3-

1    the First Circuit affirmed, <u>Carmona-Rivera v. Puerto Rico</u>, 464 F.3d

2    14 (1st Cir. 2006).

3        In early December 2006, Plaintiff filed a complaint against

4    Defendants in Puerto Rico court.   <u>Docket Document No. 186-2</u>.

5    Plaintiff voluntarily dismissed the complaint on December 27, 2006.

6    <u>Docket Document No. 186-3</u>.

7        On February 9, 2007, we awarded Plaintiff $9,756.25 in

8    attorneys' fees for time spent litigating claims on which she

9    prevailed by way of the partial settlement. <u>Docket Document No. 185</u>.

10                                   **II.**

11                                **<u>Analysis</u>**

12       Courts entertain motions for reconsideration "if they seek to

13   correct manifest errors of law or fact, present newly- discovered

14   evidence, or when there is an intervening change in the law." <u>Lima-</u>

15   <u>Rivera v. UHS of P.R., Inc.</u>, No. 04-1798, 2005 WL 2095786, at *1

16   (D.P.R. Aug. 30, 2005) (citing <u>Jorge Rivera Surillo & Co. v. Falconer</u>

17   <u>Glass Indus., Inc.</u>, 37 F.3d 25, 29 (1st Cir. 1994)).  Plaintiffs have

18   made no showing, nor do we find, that any of these circumstances are

19   present here.

20       Defendants raise four arguments for reconsideration: (1) equity

21   should prevent Plaintiff from obtaining attorneys' fees; (2) the

22   Commonwealth of Puerto Rico has Eleventh Amendment immunity;

23   (3) Plaintiff cannot collect attorneys' fees against Defendants under

Civil No. 04-1318 (JAF)                                              -4-

1    the ADA because Defendants are not Plaintiff's employers; and (4) we

2    incorrectly calculated Plaintiff's attorneys' fees by including time

3    spent litigating issues on which Plaintiff did not prevail.

4         Defendants raise two equitable arguments, neither of which

5    compels us to reconsider our original ruling.  First, Defendants

6    argue that Plaintiff is estopped from claiming status as a prevailing

7    party under the settlement agreement because she requested a new

8    settlement agreement after Defendants failed to comply with the

9    original agreement.  Docket Document No. 186-1.  Defendants do not

10   explain, nor do we see, why this represents wrongful conduct.

11   Second, Defendants argue that Plaintiff wrongfully filed a complaint

12   in Puerto Rico court in early December 2006, that restated claims

13   already denied by the this court and by the First Circuit.  Id.

14   However, Defendants have presented no evidence that Plaintiff was

15   unreasonable in bringing her complaint in state court.  Cf. Cruz v.

16   Savage, 896 F.2d 626, 631 (1st Cir. 1990)("[I]f an attorney's conduct

17   in multiplying proceedings is unreasonable . . . sanctions may be

18   imposed.").  Accordingly, Defendants' equitable arguments fail.

19        Next, Defendants assert that Eleventh Amendment immunity

20   precludes an assessment of attorneys' fees against the Commonwealth

21   of Puerto Rico.  Docket Document No. 186-1.  The Eleventh Amendment

22   does not bar grants of prospective injunctive relief, Ex-parte Young,

23   209 U.S. 123 (1908), nor does it bar awards of attorneys' fees

24   ancillary to grants of prospective injunctive relief, Missouri v.

Civil No. 04-1318 (JAF)                                             -5-

1    Jenkins, 491 U.S. 274, 278 (1998).  As we determined in our previous
2    order, the settlement in the present case was functionally equivalent
3    to an award of injunctive relief to Plaintiff.  Docket Document
4    No. 185.  Therefore, the Eleventh Amendment does not bar an award of
5    attorneys' fees ancillary to the settlement agreement.  See Tonya K.
6    by Diane K. v. Board of Educ. of Chicago, 847 F.2d 1243, 1245-46 (7th
7    Cir. 1988).

8         Next, Defendants contend that Plaintiff cannot collect
9    attorneys' fees under the ADA because Defendants were not the
10   Plaintiff's employers.  Docket Document No. 186-1.  However, recovery
11   of attorneys' fees is not limited to claims against employers; the
12   ADA authorizes the award of attorneys' fees to the "prevailing
13   party."  42 U.S.C. § 12205.  Therefore, we find that the ADA permits
14   Plaintiff to recover attorneys' fees.

15        Finally, Defendants argue that this court incorrectly calculated
16   the attorneys' fee award by including hours Plaintiff's attorney
17   spent litigating claims on which Plaintiff did not ultimately
18   prevail.  In our previous order, we evaluated Plaintiff's time
19   entries, and denied fees for unsuccessful claims.  Docket Document
20   No. 185.  Defendants do not point out any specific ways in which they
21   disagree with our assessment of Plaintiff's time log.  Therefore, we
22   decline to reconsider our original calculation of Plaintiff's
23   attorneys' fees.

1                                    **III.**

2                               **<u>Conclusion</u>**

3        For the reasons stated herein, we **DENY** Defendants' motion for

4   reconsideration, <u>Docket Document No. 186-1</u>.

5        **IT IS SO ORDERED.**

6        San Juan, Puerto Rico, this 19th day of September, 2007.

7                                   S/José Antonio Fusté
8                                   JOSE ANTONIO FUSTE
9                                   Chief U. S. District Judge